UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

December 21, 2012

MEMORANDUM TO COUNSEL RE:   <u>Roberts Welding, LLC v. The Hanover Insurance Company</u>
Civil Action No. GLR-12-2838

Dear Counsel:

Now pending before this Court is the Defendant, The Hanover Insurance Company's ("Hanover") Motion to Dismiss and/or Transfer Venue of the above-captioned case to the Superior Court of the District of Columbia. The Plaintiff, Roberts Welding, LLC ("Roberts"), has filed an Opposition to the Motion (ECF No. 11), and Hanover has filed a Reply (ECF No. 12). The Motion is ripe for disposition and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2011). For reasons outlined below, Hanover's Motion to Dismiss will be granted without prejudice and Roberts shall be given leave to re-file the Complaint in the Superior Court of the District of Columbia.

On or about August 13, 2012, the Plaintiff, Roberts, filed a one-count Complaint in the Circuit Court of Maryland for Baltimore County seeking reimbursement for work it performed as a subcontractor at construction sites located in Maryland.[1] (<u>See</u> ECF No. 1). Thereafter, on September 21, 2012, Hanover filed a Notice of Removal to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (2012). (<u>See</u> ECF No. 5).

Roberts' subcontract arose out of a bid by its general contractor, Corinthian Contractors, Inc. ("Corinthian") to participate in a construction project known as "Potomac Interceptor Long Term Odor Abatement Program – District of Columbia and Maryland" ("the Project"). Corinthian hired Roberts as a subcontractor to perform a portion of the work on the Project. The Project was to be performed for the District of Columbia Water and Sewer Authority ("WASA"), a corporate body with a separate legal existence within the District of Columbia government. Corinthian, as well as Hanover, served as sureties for payments to its subcontractors. Pursuant to its payment bond agreement, Corinthian, as well as Hanover, bound themselves jointly and severally for the payment of monies to subcontractors like Roberts, who performed work on the Project. According to the Complaint, Roberts performed services pursuant to its subcontract agreement. Roberts alleges that it was paid only for a portion of the work performed for Corinthian.

---

[1] Unless otherwise noted, the following facts are taken from the Complaint. The well-pled allegations in the Complaint are accepted as true and viewed in the light most favorable to the non-moving party. <u>See</u> <u>Brockington v. Boykins</u>, 637 F.3d 503, 505 (4th Cir. 2011).

On September 21, 2012, Hanover filed a Motion to Dismiss and/or in the Alternative to Transfer the case to the U.S. District Court for the District of Columbia. In its Motion, Hanover argues that Roberts' contract dispute arising from the Project is governed by the District of Columbia's "Little Miller Act" contained within D.C. Code § 2-201.02(b) (2012). As a result, the appropriate venue for this suit is the Superior Court of the District of Columbia.

Roberts argues that § 2-201.02(b) is not applicable to the present case primarily because WASA is exempt from the "Little Miller Act" in that it is an independent entity completely autonomous from the District of Columbia government. Thus, it operates as an independent authority or separate legal existence not subject to the regulation of the D.C. Code.

According to § 34-2202.02, WASA was established as an independent authority of the District of Columbia government. Sections 34-2202.02(a), (b), and (c) state:

> (a) There is established, as an independent authority of the District government, the District of Columbia Water and Sewer Authority. The Authority shall be a corporate body, created to effectuate certain public purposes, that has a separate legal existence **within** the District government.
>
> (b) Except as otherwise provided in §§ 34-2202.14 and 34-2202.15, the Authority **shall be subject to all laws applicable to offices, agencies, departments and instrumentalities of the District government**, and shall be subject to the provisions of Chapter 2 of Title 1, including provisions granting oversight responsibilities to the Chief Financial Officer as defined in § 1-204.25(b).
>
> (c) Notwithstanding any other provision of this chapter, the general purpose of the Authority is to plan, design, construct, operate, maintain, regulate, finance, repair, modernize, and improve water distribution and sewage collection, treatment, and disposal systems and services, and to encourage conservation.

D.C. Code §§ 34-2202.02(a)-(c) (2012) (emphasis added).

Roberts correctly points out that procurement of contracts has been left exclusively to WASA. Plaintiff also correctly notes that WASA is entitled to general power such as the right to sue and be sued; to make, adopt, and alter by-laws, rules, and regulations for the administration and regulation of its business affairs; and to issue regulations and establish policies for contracting and procurement. See D.C. Code §§ 34-2202.3 (2012). There are, however, limits to WASA's autonomy.

2

The Project itself is consistent with the general purpose of WASA as outlined in 34-2202.2(c). As a result, despite its independent nature, and the autonomy afforded to WASA, it is nevertheless within the District of Columbia government. Furthermore, the two exceptions to the laws of the District of Columbia government, outlined specifically in § 34-2202.02(b), are not applicable in this case, as Roberts is a subcontractor seeking payment from a surety for work performed subsequent to the procurement of the original contract. As a result, the Court finds that the District of Columbia's "Little Miller Act" is applicable in this matter.

D.C. Code § 2-201.02 (2012) governs lawsuits instituted under the District of Columbia's "Little Miller Act." Specifically, section (a) states in pertinent part:

> (a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under this subchapter and who has not been paid in full therefor before the expiration of a period of 90 days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final judgment and execution for the sum or sums justly due him . . . .

Id. Subsection (b) outlines the appropriate venue and procedure for such a suit. Subsection (b) states in pertinent part:

> (b) Every suit instituted under this section shall be brought in the name of the District of Columbia for the use of the person suing, in the Superior Court for the District of Columbia, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of 1 year after the day on which the last day of labor was performed or material was supplied by him . . . .

Id.

Having found that the "Little Miller Act" is applicable in this case, Roberts' remedy is governed by § 2-201.02. In the Court's judgment, It is clear that Roberts is, in fact, a person meeting the criteria under section (a) in that (1) he was a person who provided labor and/or materials for the work performed on the project, and (2) the bond payment contract, signed by both Corinthian as well as Hanover, was made with WASA pursuant to WASA's stated purpose and goals. The Court finds that the clear statutory language, as well as interpretation, supports the conclusion that the present case is appropriate for resolution in the Superior Court of the District of Columbia.

3

For the aforementioned reasons, the above-captioned claim shall be dismissed without prejudice to allow the Plaintiff to re-file its lawsuit in the appropriate venue in accordance with this opinion. Despite the informal nature of this Letter Opinion, it shall constitute an Order of this Court, and the Clerk is DIRECTED to CLOSE this case.

>Very truly yours,
>
>/s/
>_____
>
>George L. Russell, III
>United States District Judge